**Ruben Esau ROMERO–CALDERON,
Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

No. 10–14512
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 1, 2011.

Eduardo Rigoberto Soto, Attorney at Law, Coral Gables, FL, for Petitioner.

David Bernal, Dana M. Camilleri, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Dana M. Camilleri, Ernesto H. Molina, Jr., Krystal Samuels, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Eric Holder, Jr., U.S. Attorney General U.S. Department of Justice, Washington, DC, Thomas W. Hussey, Office of Immigration Litigation, Washington, DC, District Counsel's Office Usice, Miami, FL, for Respondent.

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ruben Esau Romero–Calderon, a native and citizen of Honduras, petitions this Court for review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for withholding of removal.[1] In 2005, Romero–Calderon had been living in the United States for nearly a decade, but his brother was the leader of a farmers' rights organization in Honduras and was allegedly killed that year for supporting farmers in a land dispute. Believing that a man named Natividad Hernandez had murdered his brother, Romero–Calderon placed a telephone call from the United States to a radio station in Honduras identifying and denouncing Hernandez as the murderer. Romero–Calderon testified that acquaintances in Honduras informed him that Hernandez had threatened to kill him as a result. Romero–Calderon filed the instant application, asserting that he feared persecution by Hernandez and his associates if he were to return to Honduras.

In denying Romero–Calderon's application, the BIA found, *inter alia*, that Romero–Calderon failed to demonstrate the requisite nexus between his fear of persecution and a statutorily protected ground. *See Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir.2009). Substantial evidence supports that finding. *See id.* Indeed, the essence of Romero–Calderon's application is that Hernandez

---

1. Romero–Calderon has abandoned on appeal his claim for relief under the Convention Against Torture. *See Sepulveda v. U.S. Att'y*
   *Gen.*, 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005).

and his associates would kill him for exposing and denouncing Hernandez as his brother's murderer. Such personal retribution, however, is not a statutorily protected ground. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir.2004). Moreover, even assuming that Romero–Calderon was affiliated with his brother's farmers' rights organization (which could arguably constitute a protected ground), the record does not compel the conclusion that Hernandez or his associates sought to harm him on account of such affiliation. Accordingly, we deny Romero–Calderon's petition.

**PETITION DENIED.**